McCooe, J.
(concurring). I am constrained by the authority cited in the majority opinion to reverse because there was no existing lease in effect when the landlord served an otherwise proper Golub notice. The Golub notice served set the expiration date as two years from the expiration of the previous lease and gave the requisite 90-to-150-day window period.
The first nonprimary residence proceeding resulted in a judgment for the tenant after trial which was affirmed on appeal primarily upon the factual findings of the trial court. The tenant admitted that she had not resided in the subject apartment for almost three years. The tenant stated that she was in Puerto Rico taking care of her sick mother and that she was going to bring her mother back to New York to live with her.
The landlord commenced a second nonprimary residence proceeding against the tenant after the affirmance by this court when it was ascertained that the tenant had not returned to her apartment. The trial court found for the landlord upon the tenant’s admission that she was still living in Puerto Rico.
The result is that the landlord must offer the tenant a renewal lease for an empty apartment and wait up to two years to commence another nonprimary residence proceeding. During all this period, a potential tenant is denied a lease to a housing space.
Suarez, PJ., and Gangel-Jacob, J., concur; McCooe, J., concurs in a separate memorandum.